MOSKOWITZ, District Judge,
concurring:
While I concur in the result reached by the majority, I write separately because I do not agree that the statute in question speaks unambiguously on the issue of the *1278 requirements for expansion population coverage under a demonstration project. In particular, I am unable to find the clear statutory mandate for limiting the applicability of Section 1396o(f) to only mandatory and optional, but not expansion, populations within a demonstration project.
However, we are not left to search blindly for the meaning of the relevant statutes. Rather, the Secretary has already interpreted the statutory strictures relevant to demonstration projects and determined that a Section 1315 waiver of Medicaid program regulations is not needed for, nor does it have any applicability to, expansion populations. This is because Medicaid regulations do not apply to individuals who are not eligible for Medicaid, such as the expansion populations covered under Oregon’s demonstration project. The Secretary’s approval of the Oregon project was given in accordance with this determination.
I find that the Secretary’s view is “based on a permissible construction of the [relevant] statute.” Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Accordingly, I would defer to the reasonable interpretation of the Secretary, who is entrusted to administer the demonstration project authority specified in 42 U.S.C. § 1315. See id. at 844-45, 104 S.Ct. 2778 (“[Considerable weight should be accorded to an executive department’s construction of a statutory scheme it is entrusted to administer.... ”).
This deference is all the more appropriate in light of the difficulty attendant to parsing the dense and technical language employed in the Medicaid provisions at issue and determining the appropriate scope of Medicaid plan strictures when coverage is expanded to otherwise ineligible populations. As the Supreme Court has recognized, deference to administrative interpretations is appropriate “ ‘whenever [a] decision as to the meaning or reach of a statute has involved reconciling conflicting policies, and a full understanding of the force of the statutory policy in the given situation has depended upon more than ordinary knowledge respecting the matters subjected to agency regulations.’ ” Id. at 844,104 S.Ct. 2778 (quoting United States v. Shimer, 367 U.S. 374, 382, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961)).